UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

GEORGE MULLIGAN                          :
                                         :
VS.                                      :          NO. 3:01CV633(RNC)(DFM)
                                         :
SHERRI LYNORE MOSSMAN,                   :
EXECUTRIX, ET AL.                        :          OCTOBER 17, 2003

## DEFENDANTS' PROPOSED JURY INTERROGATORIES

1.     Did the plaintiff make unreasonable noise on December 14, 1998 at the Stratford

Town Council Chamber room?

              Yes _____          No _____

2.     Was it reasonable for a police officer in Mossman's position to believe that the

plaintiff made unreasonable noise on December 14, 1998 at the Stratford Town Council

Chamber room?

              Yes _____          No _____

3.     Did the behavior of the plaintiff on December 14, 1998 disturb the meeting or

lawful assembly of persons in the Stratford Town Council Chamber room?

              Yes _____          No _____

4.     Was it reasonable for a police officer in Mossman's position to believe that the

behavior of the plaintiff on December 14, 1998 disturbed the meeting or lawful

assembly of persons in the Stratford Town Council Chamber room?

              Yes _____          No _____

5.     Was the plaintiff's conduct on December 14, 1998 in the Stratford Town Council

Chamber room grossly offensive under contemporary community standards to persons who overheard or witnessed it, and if so, did such conduct by the plaintiff disturb or impede the lawful activity of Mossman or any other person who was present?

Yes _____        No _____

6.      Was it reasonable for a police officer in Mossman's position to believe that the the plaintiff's conduct on December 14, 1998 in the Stratford Town Council Chamber room was grossly offensive under contemporary community standards to persons who overheard or witnessed it, and that such conduct by the plaintiff disturbed or impeded the lawful activity of himself or any other person who was present?

Yes _____        No _____

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

GEORGE MULLIGAN                  :

VS.                                :        NO. 3:01CV633(RNC)(DFM)

SHERRI LYNORE MOSSMAN,    :
EXECUTRIX, ET AL.           :        OCTOBER 17, 2003

## **PLAINTIFF'S VERDICT FORM**

1. Was the plaintiff arrested without a warrant?

      Yes_____           No_____

2. If your answer to Question Number 1 is "yes," have the defendants proved the existence of a legal exception to the requirement that they have a warrant before making an arrest?

      Yes_____           No_____

3. If your answer to Question Number 1 is "yes," and your answer to Question Number 2 is "no," which of the defendants do you find responsible for arresting Mr. Mulligan without a warrant?

         Defendant Mossman:       _____

         Defendant Loschiavo:      _____

         Defendant Capozzi         _____

         Defendant Evans           _____

4. If your answer to Question Number 1 is "yes," and your answer to Question Number 2 is "no," what amount of money do you award the plaintiff, George Mulligan,

as damages for the warrantless arrest?

$_____

5.  If your answer to Question Number 1 is "yes," and your answer to Question
Number 2 is "no," what amount of money, if any, to you award against any of the
defendants responsible as punitive damages?

Defendant Mossman:        $_____

Defendant Loschiavo:      $_____

Defendant Capozzi         $_____

Defendant Evans           $_____

6.  Was the plaintiff arrested without probable cause?

Yes_____            No_____

7.  If your answer to Question Number 6 is "yes," which of the defendants do you
find responsible for arresting Mr. Mulligan without probable cause?

Defendant Mossman:        _____

Defendant Loschiavo:      _____

Defendant Capozzi         _____

Defendant Evans           _____

8.  If your answer to Question Number 6 is "yes," what amount of money
do you award Mr. Mulligan to compensate him for being arrested without
probable cause?

$_____

9.  If your answer to Question Number 6 is "yes," what amount of money, if any,
do you award against any of the responsible defendants as punitive damages?

Defendant Mossman:          $_____

Defendant Loschiavo:        $_____

Defendant Capozzi           $_____

Defendant Evans             $_____

10. Was the plaintiff the victim of malicious prosecution?

Yes_____          No_____

11. If your answer to Question Number 10 is "yes," which of the defendants do you find responsible for the malicious prosecution of Mr. Mulligan?

Defendant Mossman:          _____

Defendant Loschiavo:        _____

Defendant Capozzi           _____

Defendant Evans             _____

12. If your answer to Question Number 10 is "yes," how much money do you award Mr. Mulligan to compensate him for malicious prosecution?

$_____

13. If your answer to Question Number 10 is "yes," what amount of money, if any, to you award against any of the responsible defendants as punitive damages?

Defendant Mossman:          $_____

Defendant Loschiavo:        $_____

Defendant Capozzi           $_____

Defendant Evans             $_____

**Defendants' Objections to Plaintiff's Proposed Verdict Form**

1.      The issues are whether there was a "seizure" within the meaning of the

Fourth Amendment, and if so, whether the seizure was unreasonable. It is undisputed

that the plaintiff was served with a misdemeanor complaint and summons on a charge

of disorderly conduct. The question of whether an arrest violates the Fourth

Amendment turns on whether the arrest was made based on probable cause. Bernard

v. United States, 25 F.3d 98, 102 (2d Cir. 1994).

2.      The "legal exceptions" in question no. 2 of the plaintiff's proposed verdict

form refers to Connecticut General Statute § 54-1f(a) which requires a warrant for a

misdemeanor or felony arrest unless the person is taken or apprehended in the act or

on speedy information. State v. Kaplan, 28 Conn.App. 183, 186, 565 A.2d 11 (1989).

Section 1983 provides civil redress for violations of the federal constitution or other

federal laws, not for violations of state law. Knight v. Jacobson, 300 F.3d 1272 (11th

Cir. 2002). The decisive issue on the false arrest section 1983 claim against Mossman

is whether probable cause existed for the plaintiff's arrest. Whether or not an exception

under state law applied to the plaintiff's warrantless arrest is irrelevant for purposes of

the section 1982 claim.

With respect to the other officers besides Mossman, the issue of whether the

plaintiff's alleged unlawful seizure and warrantless arrest was prohibited by the Fourth

Amendment turns on whether the "arrest" constituted a Fourth Amendment seizure and

if so whether the arrest occurred inside or outside of the plaintiff's home. Payton v.

New York, 445 U.S. 573, 589-590, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980). For

purposes of analysis of the section 1983 claims, state law regarding warrartless

misdemeanor arrests is irrelevant.  42 U.S.C. § 1983 provides a civil right of action for

violations of federal law, not state law.

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

GEORGE MULLIGAN ：

VS. ：                                NO. 3:01CV633(RNC)(DFM)

SHERRI LYNORE MOSSMAN, ：
EXECUTRIX, ET AL. ：                  OCTOBER 17, 2003

## DEFENDANTS' PROPOSED VERDICT FORM

## SECTION A. - MOSSMAN

Liability

Do you find by a preponderance of the evidence:

1. That Mossman intentionally committed acts that violated Plaintiff Mulligan's federal constitutional right not to be arrested without probable cause?

Yes_____            No_____

If your answer is "Yes", go on to the next question.  If your answer is "No", go to SECTION B.

2. That Mossman's acts were the proximate cause of damages sustained by the plaintiff.

Yes_____            No_____

If your answer to Question Number 2 is "Yes", go to the next question.  If your answer is "No", go to SECTION B.

<u>Damages</u> – The following question is to be considered only if you answered "Yes" to both question numbers 1 and 2 above.

      3.      What amount of money do you award the plaintiff, George Mulligan, as compensatory damages against the estate of Mossman ?

$_____

      4.      Do you find that Mossman acted with malice or with reckless disregared to plaintiff's constitutionally protected right and that punitive damages should be assessed against Mossman's estate?

      Yes_____          No_____

If your answer is "Yes", what amount of money do you award the Plaintiff as punitive damages against the estate of Mossman?

$_____

## SECTION B. - DEFENDANT LOSCHIAVO

<u>Liability</u>

Do you find by a preponderance of the evidence:

1. That Defendant LoSchavio intentionally committed acts that violated Plaintiff Mulligan's federal constitutional right by arresting him without a warrant inside his home and without the plaintiff's consent to enter his home?

      Yes_____          No_____

If your answer is "Yes", go on to the next question. If your answer is "No", go to SECTION C.

2.    That LoScahvio's's acts were the proximate cause of damages sustained by the plaintiff.

Yes_____          No_____

If your answer to Question Number 2 is "Yes", go to the next question.  If your answer is "No", go to SECTION C.

Damages – The following question is to be considered only if you answered "Yes" to both question numbers 1 and 2 above.

3.    What amount of money do you award the plaintiff, George Mulligan, as compensatory damages against defendant LoSchiavo ?

$_____

## SECTION C. - DEFENDANT CAPOZZI

Liability

Do you find by a preponderance of the evidence:

1. That Defendant Capozzi intentionally committed acts that violated Plaintiff Mulligan's federal constitutional right by arresting him without a warrant inside his home and without the plaintiff's consent to enter his home?

Yes_____          No_____

If your answer is "Yes", go on to the next question.  If your answer is "No", go to SECTION D.

2.    That Defendant Capozzi's acts were the proximate cause of damages

and without the plaintiff's consent to enter his home?

Yes_____          No_____

If your answer is "Yes", go on to the next question.  If your answer is "No", sign this verdict form and alert the Clerk of your decision.

2.    That Defendant Evan's acts were the proximate cause of damages sustained by the plaintiff.

Yes_____          No_____

If your answer to Question Number 2 is "Yes", go to the next question.  If your answer is "No", sign this verdict form and alert the Clerk of your decision.

Damages – The following questions are to be considered only if you answered "Yes" to both question numbers 1 and 2 above.

3.    What amount of money do you award the plaintiff, George Mulligan, as compensatory damages against Defendant Evans ?

$_____

4.    Do you find that Officer Evans acted with malice or with reckless disregared to plaintiff's constitutionally protected right and that punitive damages should be assessed against Officer Evans?

Yes_____          No_____

If your answer is "Yes", what amount of money do you award the Plaintiff as punitive damages against defendant Evans?

$_____

Note:  All jurors who agree to the above must sign below:

## CERTIFICATION

This is to certify that the foregoing JOINT TRIAL MEMORANDUM AND

ATTACHMENTS has been hand delivered this date via courier to the following counsel

of record:

John Williams, Esquire
Williams & Pattis, LLP
51 Elm Street
New Haven, CT  06510

Richard J. Buturla, Esq.
Commissioner of the Superior Court