

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated Term of the United Stated Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 16th day of March, two thousand and six.

Present:   DENNIS JACOBS
           ROSEMARY S. POOLER,
           JOHN R. GIBSON,*
                Circuit Judges.

---

GEORGE EDWARD MULLIGAN,

　　　　　　　Plaintiff-Appellant,

　　　　-v-　　　　　　　　　　　　　　　　　　　(04-5676)

LOSCHIAVO, CAPOZZI, EVANS, ROBERT E. MOSSMAN,

　　　　　　　Defendants,

SHERI LYNORE MOSSMAN,

　　　　　　　Defendant-Appellee.

---

Appearing for Plaintiff-Appellant: George Edward Mulligan, pro se, Stratford, CT.

Appearing for Defendant-Appellee: Richard J. Buturla, Berchem Moses & Devlin, Milford, CT.

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Plaintiff-appellant George Edward Mulligan ("Mulligan"), pro se, appeals a jury verdict in favor of Defendant-Appellee Sheri Lynore Mossman regarding Mulligan's Section 1983

---

*The Honorable John R. Gibson of the United States Court of Appeals for the Eighth Circuit sitting by designation.

action. We assume the parties' familiarity with the facts, procedural history, and specification of issues on appeal. We affirm the decision below in toto and reject each of Mulligan's claims on appeal.

First, Mulligan claims that he suffered from ineffective assistance of counsel. The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." Id. Because this is a civil action, not a criminal one, Mulligan may not claim a violation of this right.

Second, Mulligan contends that the trial judge was "hostile," however, he has failed to support this claim. "Litigants are entitled to an unbiased judge; not to a judge of their choosing." In re Drexel Burnham Lambert, Inc., 861 F.2d 1307, 1312 (2d Cir. 1988). Mulligan's claims of hostility are supported by no more than speculation and conclusory allegations. He provides no support for his claim that the judge conducted the case in a certain manner in order to protect unnamed associates. Additionally, Mulligan provides no coherent link between the date of the death of his uncle and the facts surrounding the case, other than the fact that the jury rendered an adverse verdict on the anniversary of his uncle's death. See Appellant's Br. at 5. Thus, we must reject this claim.

Third, Mulligan argues that his Fourth Amendment rights were violated. Mulligan does not discuss any evidence presented at trial relevant to this claim. "The Fourth Amendment prohibits unreasonable seizures; it is not a general prohibition of all conduct that may be deemed unreasonable, unjustified or outrageous." Medeiros v. O'Connell, 150 F.3d 164, 167 (2d Cir. 1998) (citation omitted). Mulligan claims that his time was seized for six years, and this violated the Fourth Amendment. It is not clear why or how this violated the Fourth Amendment. Such a violation "requires an intentional acquisition of physical control." Id. Mulligan has failed to assert this, thus his claim must fail.

Fourth, Mulligan claims that his right to appear pro se was violated. Leaving aside any issue that this right stems from case law regarding criminal defendants, and Mulligan has brought a civil action, see Faretta v. California, 422 U.S. 806, 819 (1975), the claim still fails. The right to appear pro se is unqualified but only if exercised before trial begins. United States v. Matsushita, 794 F.2d 46, 51 (2d Cir. 1986). Otherwise, it is within the judge's discretion based on a balancing of interests. Id. In the instant case, the judge did not abuse his discretion given evidence that it would be in Mulligan's best interest to allow his counsel to continue representing him. Evidence suggests that Mulligan may not have appropriately represented himself, and Mulligan admits that his attorney competently represented him at trial. See Appellant's Br. at 14-15.

Fifth, Mulligan's claim that the dismissal was the result of a conspiracy must be rejected because Mulligan has failed to adduce any basis for such a claim.

Sixth, Mulligan has moved this Court to permit him to supplement the record with evidence not offered below. "[A]bsent extraordinary circumstances, federal appellate courts will not consider rulings or evidence which are not part of the trial record." IBM Corp. v. Edelstein, 526 F.2d 37, 45 (2d Cir. 1975). We do not find any such circumstances here, thus we decline Mulligan's invitation to supplement the record.

Finally, at oral argument, Mulligan inquired into the status of many motions filed in this Court. We address this briefly. On May 23, 2005, we granted Mulligan's motion of May 19, 2005 requesting an extension of time to file his papers. On June 24, 2005, Mulligan filed three more motions: to further extend time, to deliver fewer sets of copies to the court, and to amend the original complaint. On June 30, 2005, he moved to change his case manager. On September 14, 2005, we granted Mulligan's motion for an extension of time. On September 29, 2005, we denied Mulligan's motion to change his case manager. On October 3, 2005, Mulligan filed a motion on "How to amend original complaint," and that motion was referred to the panel hearing the appeal. On October 3, 2005, we also denied Mulligan's motion to waive a requirement and deliver fewer copies of his papers. On January 26, 2006, Mulligan filed a number of motions, many of them frivolous. These include: to delay oral argument, to explain irregularities filed with proofs of service, for proof that all of his submissions go to judges, for first impressions, that the Bill of Rights is superior to the conditional constitution, to add a case file, for additional time for oral argument, to accept exhibits, to voir dire the judges, for a criminal investigation, and for compensation for injury, punitive damages, and independent investigations. These motions were or are properly denied. Any motions not already denied are hereby rendered moot.

Accordingly, for the reasons set forth above, the judgment of the District Court is hereby **AFFIRMED**.

FOR THE COURT:
Roseann B. MacKechnie, Clerk of Court
By: *[signature: Lucille Carr]*

A TRUE COPY
Roseann B. MacKechnie, **CLERK**

by *[signature]*

**DEPUTY CLERK**

3